# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GEORGE ARTEM,

    Plaintiff,

v.

STATE OF NORTH DAKOTA, *et al.*,

    Defendants.

CASE NO. C17-0798 RSM

ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

*Pro Se* Plaintiff George Artem, a Seattle resident, filed his Complaint on June 16, 2017. Dkt. #6. Summonses have not yet been issued.

Plaintiff does not allege a single fact or claim in his Complaint. Instead, he simply references two North Dakota case numbers, and attaches several Orders issued from the United States District Court for the District of North Dakota and the state District Court for South Central Judicial District Morton County, North Dakota earlier this year. Dkt. #6, *Exhibits*. It appears from these documents that Plaintiff had been arrested and issued a trespassing citation in connection with the protest activities related to the Dakota Access Pipeline near Cannonball, ND. It also appears that the criminal action may be continuing in North Dakota state court. *Id.* On March 3, 2017, Plaintiff attempted to remove the state criminal action to the United States District Court for the District of North Dakota. *Id.* The federal court ultimately remanded the matter back to state court. *Id.* In seeking reconsideration of the order of remand, Plaintiff claimed, *inter*

ORDER
PAGE - 1

*alia*, that his arrest violated the 1852 Treaty of Fort Laramie and that postponement of his criminal trial in state court violated his federal speedy trial rights. Dkt. #6, *Exhibits*. He also sought a transfer of venue to this Court on the basis that the North Dakota judge was biased against him. *Id.* The motion for reconsideration was denied. Plaintiff then filed the instant action here.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Mr. Artem fails to identify any basis for federal jurisdiction in his Complaint. He fails to explain the factual basis for his claims, and he fails to identify what claim he actually asserting against the named Defendants. Accordingly, Plaintiffs' Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal.

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**. In the Amended Complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is federal jurisdiction over his claims, either under federal question or diversity jurisdiction. If his claims

ORDER
PAGE - 2

are the same as the ones he raised before the federal court in North Dakota, he should explain as much. He should also clarify whether he is naming any Defendant other than the State of North Dakota.

The Clerk shall send a copy of this Order to Mr. Artem at 161 16th Ave, Seattle, WA 98122.

DATED this 16th day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3