UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE ARTEM,                    )
                                 )   CASE NO. C17-0798RSM
            Plaintiff,           )
                                 )   ORDER OF DISMISSAL
       v.                        )
                                 )
STATE OF NORTH DAKOTA, *et al.*, )
                                 )
            Defendants.          )
_____)

*Pro Se* Plaintiff George Artem, a Seattle resident, filed his initial Complaint on June 16, 2017. Dkt. #6. Summonses were not issued. Instead, on June 16, 2017, this Court directed Plaintiff to file an Amended Complaint. Dkt. #7. The Court noted that Plaintiff had not alleged a single fact or claim in his Complaint. Instead, he simply referenced two North Dakota case numbers, and attached several Orders issued from the United States District Court for the District of North Dakota and the state District Court for South Central Judicial District Morton County, North Dakota earlier this year. Dkt. #6, *Exhibits*. It appeared from those documents that Plaintiff had been arrested and issued a trespassing citation in connection with the protest activities related to the Dakota Access Pipeline near Cannonball, ND. It also appeared that the criminal action may be continuing in North Dakota state court. *Id.*

On March 3, 2017, Plaintiff attempted to remove the state criminal action to the United States District Court for the District of North Dakota. *Id.* The federal court ultimately remanded the matter back to state court. *Id.* In seeking reconsideration of the order of remand, Plaintiff

ORDER
PAGE - 1

claimed, *inter alia*, that his arrest violated the 1852 Treaty of Fort Laramie and that postponement of his criminal trial in state court violated his federal speedy trial rights.  Dkt. #6, *Exhibits*.  He also sought a transfer of venue to this Court on the basis that the North Dakota judge was biased against him.  *Id.*  The motion for reconsideration was denied.  Plaintiff then filed the instant action here.

In its Order for Amended Complaint, the Court noted to Plaintiff that federal courts are courts of limited jurisdiction, and that he bore the burden of establishing that his case is properly filed in this Court.  Dkt. #7 at 2.  In this case, Mr. Artem failed to identify any basis for federal jurisdiction in his Complaint.  He failed to explain the factual basis for his claims, and he failed to identify what claim he actually asserting against the named Defendants.  Accordingly, the Court informed Plaintiff that his Complaint suffered from deficiencies that, if not corrected in an Amended Complaint, require dismissal, and directed him to file an Amended Complaint no later than twenty-one (21) days from the date of the Court's Order.  *Id.*  The Court specifically directed that the Amended Complaint must include a short and plain statement demonstrating to the Court that there is federal jurisdiction over his claims, either under federal question or diversity jurisdiction.  Further, the Court directed Plaintiff that if his claims are the same as the ones he raised before the federal court in North Dakota, he should explain as much.  He should also clarify whether he is naming any Defendant other than the State of North Dakota.  *Id.*

On July 7, 2017, Plaintiff filed his Amended Complaint.  Dkt. #8.  Plaintiff now states that he is bringing his Complaint against Josh Pastir, Dustin Peaks, and Officer Beulah, all of whom he asserts are known as the "ViperTeam of the State of North Dakota", and the County of Morton, North Dakota.  Dkt. #8 at 1.  He alleges that these people and entities have violated the Tenth Amendment of the United States Constitution by:

ORDER
PAGE - 2

> systematically criminaliz[ing] the peaceful actions of thousands of sovereign First Nations peoples and citizens of the United States in the process of protecting the clean water rights of the Standing Rock Sioux and the other free and sovereign nations assigned to the Treaty of Fort Laramie.

Dkt. #8 at 1.  He further alleges violations of Article Two of the United States Constitution through the same actions.  *Id.* at 1-3.

In addition, Plaintiff confirms that his own claims arise out of the aforementioned criminal action in North Dakota.  *Id*. at 3.  He appears to be complaining that the District Judge in North Dakota violated his rights by remanding his criminal case from federal court to state court as follows:

> Judge Hovland's use of the word protest and protest activity in characterizing the actions of Mr. Artem in his remand underscores the lack of judicial distinction between protest and water protection, and the necessity of classifying such distinction by certifying water protectors as a particular class of people.

*Id.*  He then purports to bring this Amended Complaint as a class action.  *Id.* at 3-4.

Having reviewed Plaintiff's pleading, the Court now finds that the Amended Complaint continues to suffer from jurisdictional deficiencies.  Plaintiff's claims appear to arise from his arrest and criminal charges in North Dakota.  "Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings, including state administrative proceedings that are judicial in nature."  *San Remo Hotel*, 145 F.3d at 1103; *see also Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."  *Id.*  "When the case is one in which the Younger doctrine applies, the case must be dismissed."  *H.C.*, 203 F.3d at 613.

ORDER
PAGE - 3

The Court finds that all three *Younger* requirements are satisfied in this case. First, there is an ongoing state court proceeding. For the purposes of *Younger* abstention, the critical question is whether the state proceedings were underway before initiation of the federal action. *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). Here, the state court proceedings in North Dakota were underway before Mr. Artem filed this case, and they appear to be ongoing.

Second, this case implicates important state interests. Mr. Artem's actions arise from activities surrounding water rights and a pipeline located on North Dakota lands and First Nation lands located in the State of North Dakota, which are being heavily litigated and publicized in that state.

Third, Mr. Artem has an adequate opportunity to raise his federal constitutional claims in state court. Under *Younger*, federal courts "must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003). Moreover, *Younger* abstention applies "even if the constitutionality of the pending proceeding is at the heart of [p]laintiff's claim." *Id.* Here, Mr. Artem's alleged constitutional violations are inextricably intertwined with the ongoing criminal charges in state court, and he can seek redress in state court.

In sum, Mr. Artem seeks federal intervention into an ongoing state criminal dispute. The Court therefore finds that *Younger* abstention is appropriate in this case, and it shall be DISMISSED in its entirety.

The Clerk shall send a copy of this Order to Mr. Artem at 161 16th Ave, Seattle, WA 98122.

ORDER
PAGE - 4

DATED this 10 day of July, 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5